An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DAVID A. FRANCIS, BAR NO. 7705.

No. 66253

FILED

NOV 06 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER REJECTING RECOMMENDATION AND CONDITIONAL GUILTY PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS*

This is an automatic review, pursuant to SCR 105(3)(b) and SCR 113, of a Southern Nevada Disciplinary Board hearing panel's recommendation for attorney discipline and of a conditional guilty plea agreement in exchange for a stated form of discipline involving attorney David A. Francis. The panel recommended that Francis be suspended from the practice of law for three months, for violating RPC 1.1 (competence), RPC 1.3 (diligence), and RPC 1.4 (communication) in the representation of his client, Mark Vance.[1] Additionally, the panel recommended that this court approve a conditional guilty plea wherein Francis admitted to violating RPC 1.4 (communication); RPC 1.15 (safekeeping property) (4 counts); RPC 5.3 (responsibilities regarding nonlawyer assistants); and RPC 8.4 (misconduct). In exchange for his

_____

[1]Francis has been temporarily suspended from the practice of law, pursuant to SCR 111(4), since December 7, 2012, based on his guilty pleas of first-offense driving under the influence and violation of NRS 240.150 (prohibited acts by notary). *In re Discipline of David A. Francis*, Docket No. 60134 (Order of Temporary Suspension and Referral to the Southern Nevada Disciplinary Board, Dec. 7, 2012).

15-33961

conditional guilty plea, Francis agreed to be suspended from the practice of law for 14 months and to pay the costs of the disciplinary proceedings up to $150,000.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that Francis committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

We conclude that clear and convincing evidence supports the panel's findings that Francis violated RPC 1.1 (competence), RPC 1.3 (diligence), and RPC 1.4 (communication), but we disagree that the three-month suspension is sufficient considering Francis' conduct while representing his client, Mark Vance. Furthermore, having reviewed the record of the disciplinary proceedings, we cannot approve the conditional guilty plea agreement and the 14-month suspension. *See* SCR 113(1). Although we could determine the appropriate discipline in the first instance on the Vance matter, because the disciplinary panel considered these matters together, we decline to do so. Accordingly, we remand this

matter to the Southern Nevada Disciplinary Board for further proceedings.[2]

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Jeffrey Posin, Chair, Southern Nevada Disciplinary Board
Stan Hunterton, Bar Counsel, State Bar of Nevada
Pitaro & Fumo, Chtd.
Kimberly K. Farmer, Executive Director, State Bar of Nevada

---

[2]This is our final disposition of this matter. Any further proceedings involving Francis shall be docketed as a new matter.